IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RILEY LARKINS, JR.,**<br>  Petitioner, | )<br>) |
| v. | ) C.A. No. 07-269 Erie<br>)<br>) **District Judge McLaughlin** |
| **MARILYN BROOKS,**<br>  Respondent. | ) **Magistrate Judge Baxter**<br>) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

It is further recommended that the motion to dismiss filed by Respondents [Document # 11] be granted.

**II.    REPORT**

**A.     Relevant Procedural and Factual History**

Petitioner, Riley Larkins, Jr., is a state prisoner incarcerated within the state correctional system. Petitioner is attacking his conviction and sentence at docket numbers 408, 448 and 449 of 1979 in the Court of Common Pleas of Erie County, Pennsylvania. In support of his petition, Petitioner argues that the state courts improperly denied his 2006 requests for DNA testing. Document # 1, Petition.

Petitioner was convicted of Rape, Simple Assault, Robbery and Aggravated Assault, and was sentenced on January 24, 1983 by then Court of Common Pleas Judge Richard L. Nygaard. Petitioner pursued a direct appeal to the Superior Court and thereafter to the Pennsylvania Supreme Court.

Later[1], Petitioner filed a petition pursuant to the Post Conviction Relief Act (PCRA) which was denied.[2]

More recently, presumably sometime in 2006, Petitioner filed a "Motion for Forensic DNA Testing" in the Court of Common Pleas. That request was denied on November 7, 2006.

On October 9, 2007, Petitioner filed the instant petition for writ of habeas corpus. In response to the petition, the Commonwealth filed a motion to dismiss.

### B. Statute of Limitations.

---

[1] The state court record presently before this Court is incomplete.

[2] Although not raised by Respondent, this Court is aware that Petitioner has filed two previous petitions for writ of habeas corpus with this Court: Civil Action Number 86-227E and 04-237E, both of which were denied.

District courts are prohibited from entertaining claims presented in a subsequent habeas corpus application unless the appropriate federal court of appeals first authorizes such a filing. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132 142 Cong. Rec. H3305-01 (1996) (hereafter, "AEDPA"), specifically prohibits federal courts from reviewing subsequent habeas corpus petitions unless the claim relies on either: 1) newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or 2) a new rule of Constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court that was previously unavailable.

The United States Court of Appeals for the Third Circuit has described the proper procedure for subsequent petitions: "we hold that anyone seeking to file a second or successive petition under 28 U.S.C. § 2254 after April 24, 1996, must move in the appropriate Court of Appeal for an order authorizing the District Court to consider the application. When such a motion is filed by a petitioner whose previous petition was filed before that date, the Court of Appeals must apply the substantive gatekeeping standards of 28 U.S.C. § 2244(b) as amended by AEDPA unless such application would bar a second or successive petition that could have been considered by the District Court under the law existing at the time the previous petition was filed." In Re Minarik, 166 F.3d 591, 609 (3d Cir. 1999). In the instant action, Petitioner has not complied with this requirement and his failure to do so provides an alternative basis for the dismissal of this petition.

2

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. The applicable statute reads:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

In analyzing whether a petition for writ of habeas corpus has been timely filed under §2244(d), a federal court must undertake a three-part inquiry. First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section §2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to §2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

Here, Petitioner was sentenced on January 24, 1983 and subsequently filed a direct appeal to both the Pennsylvania Superior Court and the Pennsylvania Supreme Court. Petitioner's

3

conviction became "final" for purposes of federal habeas review when his right to seek a direct appeal of his conviction expired under Pennsylvania law. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)(noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review). Petitioner's judgment became final well before AEDPA took effect. Consequently, he had at least one year from April 24, 1996 (the effective date of AEDPA) to file his federal petition for writ of habeas corpus. See Burns v. Morton, 134 F.3d 109 (1998); Douglas v. Horn, 359 F.3d 257 (2004).

The instant petition was filed by the Clerk of Courts on October 9, 2007, years after both the conviction became final and the expiration of the one year grace period following AEDPA's enactment.

Nothing in the record indicates that Petitioner is entitled to take advantage of any of the enumerated exceptions to the one-year limitations period. Specifically, he has failed to show that any of his claims are based on a constitutional right newly recognized by the U.S. Supreme Court and made retroactively applicable to cases on collateral review; nor has he shown that his claims are based on a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. §2254(d)(1)(C-D).

Finally, there is no indication that the doctrine of equitable tolling should be applied here. The one-year limitation in §2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal citations, quotations, and punctuation omitted). A review of the record does not disclose any extraordinary circumstances beyond Petitioner's control that account for his failure to have filed his habeas petition in a timely manner.

Petitioner argues that his one-year statute of limitations time period should run from the date upon which his motion for forensic testing was denied in November of 2006. Petitioner is mistaken

4

in this regard as his time for filing ended on April 25, 1997 (the date upon which the one-year grace period following the enactment of AEDPA).

### C. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying those standards here, jurists of reason would not find it debatable whether Petitioner's claims are time barred by the statute of limitations. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant petition for writ of habeas corpus be dismissed as untimely and that a certificate of appealability be denied.

It is further recommended that the motion to dismiss filed by Respondents [Document # 11] be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: June 26, 2008